George LACEN and Ester Marie Lacen,
Plaintiffs in Error,

v.

Adrian MILLER, as Administrator of the
Estate of J. W. Miller, Deceased,
Defendant in Error.

No. 37404.

Supreme Court of Oklahoma.

Sept. 24, 1957.

Jack C. Brown, Miami, for plaintiffs in error.

Nesbitt & Nesbitt, Miami, for defendant in error.

DAVISON, Justice.

This action was instituted by Adrian Miller, as Administrator of the Estate of J. W. Miller, deceased, as plaintiff, against George Lacen and Ester Marie Lacen, his wife, as defendants, to recover for the alleged wrongful death of J. W. Miller and for damages to the automobile belonging to deceased. The defendants answered by way of general denial and the affirmative plea of contributory negligence, and by cross-petition in which they sought to recover

judgment against plaintiff for personal injuries to Ester Marie Lacen and for damages to their car. Plaintiffs answer to the cross-petition was by general denial and the affirmative plea of contributory negligence on the part of the defendant, Ester Marie Lacen. The verdict of the jury was "we find for the defendants and that neither the plaintiff or defendants shall take anything." This appeal is from the order overruling defendants' motion for a new trial on their cross petition. The parties will be referred to as they appeared in the trial court.

The gist of the present action arises out of an automobile collision which occurred at the intersection of two approved county roads, running east and west, and north and south respectively, at a point about two miles west of Narcissa, Oklahoma. As a result of this collision plaintiff's deceased received injuries from which he died, and the defendant Ester Marie Lacen received serious and perhaps permanent injuries.

The defendants, only, have appealed and present three grounds for reversal, to-wit: (1) The verdict is not sustained by the evidence; (2) The verdict is contrary to law, and (3) The court erred in overruling the demurrer to plaintiff's evidence. These propositions are all closely related and all may be determined from a discussion of the evidence.

The court instructed the jury on the question of contributory negligence both as to the plaintiff and defendants and the correctness of such instructions are not an issue herein.

The following facts as shown by the evidence are undisputed: There were no stop signs on either the east-west road or the south-north road; the plaintiff's deceased was driving his car and Bessie Miller, his wife, was a passenger in the car at the time of the collision; that the deceased was driving on the east-west road traveling west, and that the defendant Ester Marie Lacen was alone, and driving on the south-north road traveling north; that both roads are approved county graveled and level roads

approximately 24 feet wide; that there is nothing at or near said intersection to obstruct the view of vehicles approaching the intersection from the south or from the east; that the collision happened near the center of the intersection; that each car was traveling somewhere between 25 and 45 miles per hour; that the collision happened on March 31, 1953, at about 5:30 P.M.; that it was daylight but cloudy; that the defendant Ester Marie Lacen was on a mission for her co-defendant and husband, George Lacen.

The only living eyewitnesses to the collision were Bessie Miller, wife of deceased, and defendant Ester Marie Lacen. Both of these parties testified but the testimony of neither was definite or apparently convincing to the jury.

Bessie Miller testified, in substance, that the deceased was driving on his right side of the road at about 25 miles per hour on their way home. That she did not know how fast the defendants car was going. That she just saw a glimpse of defendants' car immediately before the wreck. Witness was asked if she knew where the accident occurred with reference to the center of the intersection and answered "Well, I don't know, I think we must have been about half way across, best I could tell, I couldn't tell it happened so quick." Witness was rendered unconscious and knew no further details.

The defendant Ester Marie Lacen testified in substance that she slowed down about 550 feet from the intersection and looked east and west and didn't see any cars in either direction. That she looked again about 25 feet from the intersection. Her exact testimony was "I looked to the east and west and I didn't see any cars coming so I went across the road and I was; my tires were getting, ready to go into the north of the intersection and that is the last I remember." On cross examination she admitted that sometime before trial her deposition was taken and in said deposition she testified that she did not look up the road to the east prior to the time her wheels reached the intersection. Witness attempt-

ed to explain this testimony by stating that she was very confused on the day her deposition was taken.

Additional pertinent evidence offered by the plaintiff was the testimony of Bert George and S. O. Lowery, both of whom were experienced State Highway Patrolmen, who arrived at the scene of the accident approximately an hour after it happened and while the cars involved still remained in their same respective resting positions.

Patrolman George testified, in substance, that he found fresh skid marks on the south-north road beginning south of the intersection and leading to the northwest part of the intersection, which skid marks were around 50 feet long; that the skid marks were on the left side of the center of the road, and led up to the point of impact and then in a northwesterly direction to the bar ditch where the automobiles came to a rest. This witness further testified that the impact happened, "near the approximate center of the road." That in his opinion the two vehicles arrived at the intersection at or about the same time.

Patrolman Lowery corroborated the testimony of Patrolman George. In addition thereto, this witness testified that he conversed with Mrs. Lacen sometime after the accident in completing his investigation thereof and she stated that she never saw the other car until it was almost too late to do anything. He testified that Mrs. Lacen stated to him that she did not see the other car "until they just practically hit." In answer to a question if witness could tell which car hit which car, he answered, "I would say they both hit each other, I wouldn't say either car hit the other car," In the opinion of this witness both cars were traveling between 35 and 40 miles per hour.

The defendants' testimony consisted in part of photographs showing the condition, location and damage done to the cars in question. Also the physician who treated Mrs. Lacen testified as to the extent of her injuries. Also two witnesses who testi- fied that they carefully examined the scene of the accident and never saw any skid marks referred to in the testimony of the patrolmen. They further testified that a number of cars passed between the time of the accident and the arrival of the patrolmen.

In discussing the law of the case, it appears that defendants' proposition that the court erred in not sustaining a demurrer to plaintiff's evidence is immaterial since plaintiff did not recover a verdict. However we think a review of the testimony of the two patrolmen shows conclusively that the question of negligence on behalf of the defendant was sufficiently proven so as to permit the case to go to the jury and we hold that the trial court did not err in overruling defendant's demurrer to plaintiff's evidence.

Assuming that defendants made out a prima facie case on their cross-petition it is necessary to determine whether or not the defendant Ester Marie Lacen was guilty of contributory negligence. The cross-petitioner, George Lacen, would of course be bound by the law and facts applicable to his co-defendant, who was acting as his agent while on a mission for his use and benefit. The defendant argues that under the evidence she had the right of way and had passed the middle of the intersection at the time of the collision. If the defendant was guilty of contributory negligence, neither defendant could recover from plaintiff.

The testimony of the two patrolmen was sufficient to leave a question with the jury as to whether the defendant Ester Marie Lacen was guilty of contributory negligence. If her negligence contributed to the accident, defendants could not recover under the law.

The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury. See Article 23, Section 6, Constitution of the State of Oklahoma.

This court has consistently held, without exception, that the question of contributory negligence is, under the provisions of the Constitution of this State, in all cases, a question of fact for the jury, and where said question is submitted to the jury under proper instructions, the verdict of the jury is binding and conclusive. See Tindall Motor Co., Inc., v. Mankin, 184 Okl. 231, 86 P.2d 625, and many other cases.

The jury evidently found that the collision herein was caused by the negligence of both parties, and from the verdict, and ample evidence they found, as it was within their province to do, that the defendants were guilty of contributory negligence.

The judgment is affirmed.